

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FILED
JUL 19 2016
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:                                   )   Case No. 14-22173-B-13
                                         )
YOLANDA CHRISTINE SWARTOUT,              )   DC No. NBC-5
                                         )
                                         )
              Debtor(s).                 )
_____)

**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Before the court is a *Motion for Stay of Order Pending Appeal; Memorandum of Points and Authorities* filed by Eamonn Foster on behalf of debtor Yolanda Christine Swartout.[1] Mr. Foster asks the court to stay the order dismissing this chapter 13 case pending an appeal of the dismissal order and a subsequent order denying a motion to reconsider and vacate the dismissal order. The dismissal order was entered on May 13, 2016. [Dkts. 85, 80]. The order denying the motion to reconsider and vacate the dismissal order was entered on June 24, 2016. [Dkts. 100, 99]. Mr. Foster appealed from both orders on June 27, 2016. [Dkt. 103].

For the reasons explained below, the motion for stay pending appeal will be denied. The court also determines that further

---

[1] The motion and memorandum of points and authorities are filed as one document. Counsel are expected to comply with the Revised Guidelines for the Preparation of Documents which states that "[m]otions [and] . . . memoranda of points and authorities . . . shall be filed as separate documents." Id. at § III.A; LBR 9004-1(a). This failure is cause to deny the motion. See LBR 1001-1(g), 9014-1(l). However, the court will waive the defect and decide the motion.

argument will not assist it in the resolution of the motion and, thus, oral argument is unnecessary. See LBR 9014-1(h). The hearing on the motion set for July 19, 2016, is vacated and no appearance at that hearing is necessary.

**Discussion**

Stays pending appeal are governed by Federal Rule of Bankruptcy Procedure 8007(a), which states that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). The bankruptcy court has broad discretion in deciding whether to issue a stay pending an appeal. Wymer v. Wymer (In re Wymer), 5 B.R. 802, 806 (9th Cir. BAP 1980). In exercising this discretion, courts in the Ninth Circuit adhere to a sliding-scale balancing of four traditional factors. In re Vandenberg, 2012 WL 1854298 at *2 (Bankr. D. Ariz. 2012) (citations omitted). The traditional factors are: (1) whether the applicant has made a strong showing she is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will injure other parties interested in the proceeding; and (4) the public interest. Id.; see also Nken v. Holder, 556 U.S. 418, 434 (2009); Wymer, 5 B.R. at 806. The first two factors are the most critical, but a failure on any one factor requires the court to deny the application for a stay. In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006) (citations and

internal quotation marks omitted); <u>In re Rivera</u>, 2015 WL 6847973 at *2 (N.D. Cal. 2015).

The court has considered each of the four factors and concludes that Mr. Foster has not satisfied his burden with respect to any of them. In other words, the court concludes that each factor weighs against a stay. The court gives particular weight to the first and second factors. <u>Nken</u>, 556 U.S. at 434.

**(1) No Demonstration the Debtor is Likely to Prevail on Appeal**

The court initially notes that Mr. Foster cannot demonstrate a likelihood of success on appeal if he does not understand what it is he appealed. Mr. Foster states that he "has appealed from the Court's decision to grant the [chapter 13] trustee's application to dismiss her case." That is not accurate.

This case was not dismissed on the chapter 13's application. This case was dismissed under Federal Rule of Civil Procedure 41(b) (applicable by Federal Rule of Bankruptcy Procedure 7041) because Mr. Foster willfully disobeyed a court order to file a modified plan and instead took it upon himself to file something else. Mr. Foster was ordered to file a modified plan to fix a payment default issue that he explained on April 12, 2016, would recur monthly throughout the term of the debtor's plan if not fixed. It is in that context the court considers the motion for a stay pending appeal. And it is in that context that Mr. Foster has failed to demonstrate a likelihood of success on appeal.

<u>The Order</u>

Mr. Foster first maintains the court did not order him to

-3-

file a modified plan or, if it did, the order to file a modified plan was permissive and that meant he was free to comply with or disregard the order at his election. Neither argument has merit.

The order that Mr. Foster disobeyed is included in the Civil Minutes entered on April 12, 2016, following a hearing held on the same date. That order states as follows:

> MODIFIED PLAN ***SHALL*** BE FILED BY 4/22/16 AND ANY RESPONSE BY TRUSTEE ***SHALL*** BE FILED BY 5/03/16.

[Dkt. 75] (emphasis added).

Mr. Foster insists there is no order in the Civil Minutes because the Civil Minutes are not captioned as an order and there is no statement in the Civil Minutes that disobedience will result in sanction or dismissal. Again, neither argument has merit.

As to the latter, an order need not warn an attorney of the consequences of his or her disobedience with the order. Federal Rule of Civil Procedure 41(b) (applicable by Federal Rule of Bankruptcy Procedure 7041) takes care of that.

As to the former, the Civil Minutes required a specific act by a specific date. It used the phrase "shall be filed" which is mandatory and indicative of an imperative as opposed to the permissive term "may."[2] See Fernandez v. Brock, 840 F.2d 622,

---

[2] Mr. Foster states that during the hearing held on April 12, 2016, the court used "permissive language" when discussing the modified plan and that left him free to file a modified plan or whatever else he wanted to file. Even assuming the court's discussion with Mr. Foster could be characterized as "permissive," the written Civil Minutes control. See Playmakers LLC v. ESPN, Inc., 376 F.3d 894, 896 (9th Cir. 2004) (citation omitted). The written Civil Minutes control because "'[o]ral

-4-

632 (9th Cir. 1988) (citations omitted); <u>Burglin v. Morton</u>, 527 F.2d 486, 488 (9th Cir. 1975), <u>cert. denied</u>, 425 U.S. 973 (1976). The Civil Minutes also disposed entirely of a discrete matter, *i.e.*, the filing of a modified plan and the setting of a hearing on shortened notice to consider confirmation of the modified plan ordered filed. It was also entered on the docket and Mr. Foster was notified of the docket entry. Thus, for all purposes, the Civil Minutes constitute an order.[3] See <u>In Key Bar Inv., Inc. v. Cahn (In re Cahn)</u>, 188 B.R. 627, 630 (9th Cir. BAP 1995) (minute entry can be order if it fully adjudicates issues); <u>see also</u> <u>Matter of Jacobs</u>, 2016 WL 1573310 at *3 (D. Ariz. 2016) (order may be in the form of an unsigned minute entry).

<u>Jurisdiction and Mootness</u>

Mr. Foster's jurisdictional and mootness arguments are equally unpersuasive. Both arguments were addressed in the court's written decision denying reconsideration entered in the Civil Minutes dated June 24, 2016. [Dkts. 99, 100]. In short,

---

responses from the bench may fail to convey the judge's ultimate evaluation. Subsequent consideration may cause the [bankruptcy] judge to modify his or her views.'" <u>Id.</u> (quoting <u>Ellison v. Shell Oil Co.</u>, 882 F.2d 349, 352 (9th Cir. 1989)); <u>see also</u> <u>In re Harper</u>, 194 B.R. 388, 392 (Bankr. D.S.C. 1996) (subsequent written order preempts comments during hearing).

[3]The absence of any appeal as of right from the Civil Minutes does not make the Civil Minutes any less of an order as Mr. Foster suggests. Nothing prevented Mr. Foster from requesting leave to appeal from the Civil Minutes. In fact, that would have been as simple as filing a notice of appeal which the district court or bankruptcy appellate panel, in its discretion, could treat as a motion for leave to appeal. <u>See</u> Fed. R. Bankr. P. 8004(d); <u>Hupp v. Educ. Credit Mgmt. Corp. (In re Hupp)</u>, 383 B.R. 476, 478 (9th Cir. BAP 2008) (under former Rule 8003(c)).

the court was not without jurisdiction to order Mr. Foster to file a modified plan on April 12, 2016, or to continue the April 12, 2016, hearing to consider confirmation of the modified plan it ordered Mr. Foster to file for two reasons.

First, because <u>both</u> the chapter 13 trustee and the debtor would continue to suffer "injury" monthly throughout the remaining term of the debtor's confirmed chapter 13 plan, *i.e.*, additional administration of the debtor's case by the chapter 13 trustee and the receipt of monthly notices of default by the debtor, the payment default issue that the court ordered Mr. Foster to fix in a modified plan was not moot even in the absence of any pending dispute on April 12, 2016. Second, the confirmation order entered on February 12, 2015, states that "[t]he debtor shall appear in court whenever notified to do so by the court." [Dkt. 67]. Thus, the confirmation order gives the court continuing jurisdiction over the debtor and her confirmed chapter 13 plan regardless of any pending dispute.

<u>Conclusion</u>

In short, Mr. Foster has not demonstrated that the debtor is likely to prevail on her appeal. Therefore, the court concludes this factor weighs heavily against a stay pending appeal.

**(2)  No Demonstration of Irreparable Harm to the Debtor**

Mr. Foster also has not demonstrated that the debtor will suffer irreparable harm in the absence of a stay pending appeal. Mr. Foster cites renewed collection efforts by the debtor's creditors resulting from the loss of the automatic stay upon

-6-

dismissal of the chapter 13 case as the irreparable harm the debtor will suffer in the absence of a stay pending appeal. That is not irreparable harm for two reasons.

First, economic injury generally will not support a finding of irreparable harm because such injuries may be remedied by an award of money damages in an action at law. Fox Broadcasting Co. v. Dish Network, LLC, 905 F. Supp. 2d 1088, 1110 (C.D. Cal. 2012) (citing Pyro Spectaculars North, Inc. v. Souza, 861 F. Supp. 2d 1079, 1092 (E.D. Cal. 2012)); see also Morgan Stanley & Co., LLC, v. Couch, 134 F. Supp. 3d 1215, 1234-1235 (E.D. Cal. 2015) (citations omitted). The harm that Mr. Foster claims the debtor will suffer in the absence of a stay pending appeal is purely economic, *i.e.*, the repayment of creditors resulting from the loss of the automatic stay upon dismissal of the chapter 13 case. That economic harm may be remedied by a claim for damages against Mr. Foster or his insurance carrier for whatever financial loss the debtor may suffer as a result of Mr. Foster's decision to disobey the order in the Civil Minutes to file a modified plan. See Stout ex rel. C.S. v. Oklahoma ex rel. Oklahoma Highway Patrol, 2015 WL 1473504 at *6 n.7 (W.D. Okla. 2015).

Second, nothing prevents the debtor from re-filing another chapter 13 case. And while the debtor would have a limited 30-day stay in the re-filed chapter 13 case, see 11 U.S.C. § 362(c)(3)(A), nothing prevents the debtor from asking the court to extend the automatic stay beyond that 30-day period. See 11 U.S.C. § 362(c)(3)(B). Although the debtor would be required to

show changed circumstances, the retention of counsel who does not disobey court orders or a declaration from Mr. Foster that he would comply with all orders entered in the re-filed case (whether in Civil Minutes or not) should suffice to demonstrate a change in circumstances between the two cases sufficient to allow the court to extend the automatic stay beyond the 30-day period.

In short, Mr. Foster has not demonstrated the debtor is likely to suffer irreparable injury in the absence of a stay pending appeal. Therefore, the court concludes this factor also weighs heavily against a stay pending appeal.

**(3) Prejudice to Appellee**

It is prejudicial to require the chapter 13 trustee to send the debtor default notices every month that the debtor then cures by payment. This cycle unnecessarily increases the chapter 13 trustee's administration of a single case to the exclusion of all other cases and it imposes an undue burden on the chapter 13 trustee for a single case. Therefore, the court concludes this factor also weighs against the granting of a stay pending appeal.

**(4) Public Interest**

The Bankruptcy Code and bankruptcy system provide debtors with extraordinary legal rights and remedies for which very little is required of them. One important requirement is that the attorney representing the debtor comply with orders of the bankruptcy court or take permissible actions to challenge orders

the attorney disagrees with.[4]

The court recently explained in its order denying the debtor's motion to reconsider and vacate the dismissal order that the United States Supreme Court and the Ninth Circuit consider it unacceptable to disobey an order and disobedience will not be tolerated. [Dkts. 99, 100]. The Ninth Circuit in particular has long recognized there is no good faith reason for refusing to obey a court order. See LeBer v. United States ex rel. Fleming, 170 F. 881, 889 (9th Cir. 1909); see also Anderson v. Comptois, 109 F. 971 (9th Cir. 1901) (finding it unacceptable for attorney to instruct client and others to disobey order where attorney disputes court's jurisdiction to enter the order).

There are also ethical considerations involved when an attorney disobeys an order. As the California Supreme Court stated in In re Anna Lou Kelley, 52 Cal. 3d 487 (1990): "Disobedience of a court order, whether as a legal representative or as a party, demonstrates a lapse of character and a disrespect for the legal system that directly relate to an attorney's fitness to practice law and serve as an officer of the court." Id. at 495.

And as one commentator explained:

> The law suffers when court orders are flouted without shame. Or, indeed, with pride.

---

[4] A debtor is bound by the acts of his or her attorney, and that includes the attorney's acts of misconduct. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101-1102 (9th Cir. 2006); Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers even if the decision constitutes malpractice.").

-9-

>    [. . .]
>
>    [T]he whole system, no matter on which side you are on
>    the substantive issues, depends on court orders being
>    followed until they're set aside by higher authority.
>    When a citizen flouts the law for the best of reasons,
>    others will find it that much easier to rationalize
>    lawlessness for venal reasons.

Stephen Bates, Research Paper R-23 at *12-13, The Joan Shorenstein Center, Public Policy, Harvard University School of Government (April 2000) (internal quotes and citations omitted).

In short, the public interest favors compliance - not disobedience - with court orders. U.S. v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1373 (9th Cir. 1980). The request for stay is made in the context of Mr. Foster's disobedience of a court order. Therefore, the court concludes the public interest does not weigh in favor of a stay pending appeal.

## Conclusion

Mr. Foster has failed to demonstrate that any of the traditional factors examined upon a request for a stay pending appeal weigh in favor of a stay. Therefore, for all the foregoing reasons,

IT IS ORDERED that the debtor's motion for a stay pending appeal is DENIED.

IT IS FURTHER ORDERED that the hearing set for July 19, 2016, at 1:00 p.m. is VACATED.

Dated: July 19, 2016.

UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Eamonn Foster
PO Box 190
Red Bluff CA 96080

Yolanda Christine Swartout
1540 Walnut Street
Red Bluff CA 96080

Jan P. Johnson
PO Box 1708
Sacramento CA 95812